Mr. Schumann appeals arguing Aeroff on the part of the district court in finding that he was subject to the career offender enhancement. It's actually a two-part argument. The first relates to a conviction that occurred in the state of Colorado for the offense of second-degree burglary. The parties below spent a great deal of time in the district court and with pleadings arguing over whether the Colorado burglary statute was overbroad and subject to a categorical approach interpretation. Even if it is, if you're wrong on the related case argument, you're still going to get stuck with enhancement, right? That's correct, Your Honor. So we basically have to go 2-0 here in order to prevail on this. But if I may just very briefly address the Colorado conviction first, and then I'll address the related case question. The problem is that all counsel below essentially missed the trees for looking at the forest or vice versa, because even though the Colorado burglary statute is cited and quoted in numerous pleadings that are in the excerpt of record, and that statute on its face appears to be overbroad, also in there the court will see that the complaint alleging the burglary was dismissed and Mr. Schuman pled to an information which at excerpt of record 46, the judgment of conviction for that is found. And it shows that he pled under Colorado revised statute 18-4-203 a class 4 felony. What counsel in my office failed to note, as did the district court and the government, that that particular statute also includes a provision which makes it a class 4 felony if a dwelling is not involved. As he was originally charged, and the charging document is in the excerpt of record, he was charged with a class 3 felony, the burglary of a dwelling. There was a complaint filed or an information filed which simply alleged a class 4 felony, which under the Colorado statute means it was not a dwelling. That should have been the end of the inquiry. However, because he in fact pled to the burglary of a non-dwelling, that would not meet the definition under the career offender statute. Even were that not true, Mr. Schuman would prevail under the categorical approach which the parties went through. The district court disagreed. That statute, even for the class 3, allows a finding of burglary if things including hen houses, railroad cars, animal pens are included. The government directed the district court's attention to things such as the assortment of witnesses on the back of the complaint, which is actually moot since that was dismissed. But since the statute prohibits burglarizing a hen house, obviously a hen house could have been at that street address, so it really doesn't answer the question. The judgment simply shows the conviction. Again, the real problem is that the parties missed reading the entire statute, which would have made it clear on its face that this was not a dwelling. Let me tell you what I think the real problem is from my point of view, and that is that on the question of whether the two robbery convictions are related or unrelated, it seems to me that the Supreme Court in Bluford made it pretty clear that we now have a deferential standard of review for the district court's determination of whether the two convictions are related or not. And on a deferential standard of review, you look at it, and as the district court pointed out, there was no consolidation order. There were two robberies that took place in different occasions in different States. They were transferred for convenience, and nothing significant can be inferred from the fact that they were treated together for sentencing at the same time and place. So my question is, absent a consolidation order, and given all those other things that the district court in its judgment said didn't equate to related cases to it, why doesn't that end the career offender question? The Honor, because this case, unlike most of the cases that deal with the question of whether cases are related, most of those cases have looked at State court proceedings where they were in one court, they were transferred to the other court, they were sentenced together. This was an operation under Federal Rule 20, which is somewhat different, in that there was a basically, we would also argue, a common scheme here in that Mr. Schuman committed bank robbery in Nevada, committed a bank robbery in California, was later apprehended in yet a third State, returned to Colorado. The case out of Nevada was Rule 20 to Colorado, and it was for the convenience. And the government says that he should not get a windfall or get a break for that. Well, unfortunately the problem is at this point that's what the district court said. And our review of the district court's determination, this district court's determination about the other two cases, is deferential. So why did the district court abuse its discretion, given all the factors that I ticked off that it found? Well, Your Honor, and I understand, I appreciate the deference that Your Honor is referring to, but even with the deferential review, what the court looks at, A, there was no intervening arrest, so we clearly don't have that here. Going to the second and third prongs there, were they consolidated for sentencing? Well, in effect, yes, they were. They were both transparent. The district court said, well, no, they're not, for all of those reasons. It didn't add up to consolidation to the district judge. And as a district judge, former district judge, I know the difference between something that is consolidated and something that's just handled together. Yes, there's a difference. Well, again, referring back to the sentencing guidelines, he was given concurrent sentences, essentially just like a grouping where he had committed in this city a series of two or three bank robberies. The district judge found that didn't add up to anything to him, so why was that conclusion so off the charts that it abused the court's discretion to reach it? Well, because the leading case in this circuit, Your Honor, is Asbury. In Asbury, this court found the cases were not related because, A, they were for different crimes. We don't have that here. We have a bank robbery, a bank robbery, and a bank robbery. So that factor isn't true. They weren't tried under one docket number. Well, in this instance, that does appear to be true, but that's how federal courts, unlike state courts, handle cases that are brought in. There typically are the two docket numbers. Now, unfortunately, those records, because of the age, are not electronically available from the District of Colorado at this point. But when he appeared before the judge, and there's a reference in the pleadings to the guideline calculation that was used in Colorado, quite frankly, I don't know how the attorney who prepared that pleading got that information. But there's a reference to the grouping and the treatment of these, just like, again, in a single case charging multiple robberies, there would be a sentence for robbery one, a sentence for robbery two, that would run concurrently. And that's all that happened here. Your Honor, for all practical purposes, even in the absence of a formal order, this was a consolidation, a universal or global disposition of outstanding charges. Whether it's unfair, as the government says, or as the district court found, it is. So you're about out of time now. We'll give you a minute for rebuttal, but thank you, Your Honor. Thank you. May it please the Court. Good morning, Your Honors. Christina Brown, Assistant United States Attorney from the District of Nevada. Your Honors, I believe that the bottom line with regard to this issue is that the appellant received a benefit in Colorado, a sentencing windfall, if you will, by virtue of, for reasons of judicial economy, having the case out of Nevada transferred to the District of Colorado and receiving the benefit of having a concurrent term imposed. But now he's asking this Court to go one step further and require the district court to permit that prior benefit to serve him in perpetuity until the end of time for purposes of the armed career offender statute. As the district court noted, it's very common, and as Judge Reimer noted, very common that cases are handled together for all sorts of reasons, including judicial economy. But this does not render those cases logically or factually. What did the district court say that led it to the conclusion that these cases were not consolidated? Your Honor, the court considered the briefs filed by counsel and the arguments made. What did it say that we can review? Because we're going to review this even though it's deferential. It doesn't mean we abdicate our responsibility to review what the district court says. It means that we give great deference to what the district court said. What did it say that explained why it reached its conclusion? Your Honor, at the excerpt of record, page 150. Yes. Excuse me. Let me find my place. At line 21, the court stated, the fact that they were treated for sentencing at the same time and that the sentences were concurrent is really not unusual in my experience. In fact, it's probably common and occurs here with some frequency in my experience. And what does that prove? What does that show? That they frequently consolidate or they don't frequently consolidate? That frequently they're handled together. But what does it say about consolidation? Your Honor, what I believe it states is that the court is recognizing that frequently cases are handled at the same time, but that doesn't render them related as contemplated in the guidelines or otherwise factually or logically related. The court, of course, considered that the offenses occurred in two different states. They were separated by over a month in time. Does it say anything about separated over a month in time? Well, the court does go on to say it doesn't equate with a consolidation or any other argument that would make them other than separate or distinct. What it says, as far as I can tell, is we have a lot of cases we handle together. And that doesn't necessarily mean they're consolidated. That's all it says. It doesn't say why this case is or isn't consolidated, as far as I can see. Well, Your Honor, it's correct in that the court didn't articulate each and every factor that's set forth in the Asbury opinion. I can't find one factor that it stated as to why these were not to be treated as consolidated cases. Well, Your Honor, again, my reading of the court's comments after having heard the arguments of both counsel at the sentencing proceeding and after the matter was briefed pretty extensively below was that it was finding cases that occurred in two different states. See, as I read the Supreme Court decision that Judge Reimer referred to, it was supposed to give great deference to the district court because it makes factual determinations. So I was looking for what factual determinations the district court made here. Well, Your Honor, again, the court may not have articulated, again, the seven factors or made actual factual findings, but it had the pre-sentence investigation report, which was not contested in terms of the dates of the offenses, when they occurred, where they occurred. None of that was challenged. We conceded, of course, that they were robbery offenses. It was the same sort of offense. But, of course, it was argued, again, to the court below that they maintained their distinct docket numbers, there were separate judgments. So basically what you're saying is if the arguments are made to the judge and the judge says, I find there's no consolidation, then we practically can't review that. No, Your Honor. I think that the court can review what the facts, in fact, were. We don't review what the district court found. We review what the arguments of counsel are. If there was a basis for the court finding that the offenses were not related as contemplated in the guidelines. Okay. Yes, sir. Thank you. Your Honor, I believe that, Your Honors, I believe that under the Asbury case that we set forth, there is a balancing of factors. No one is determinative. The appellant has placed great emphasis on the fact that these were the same offenses and that they were sentenced on the same day. But if that was the only inquiry, there would be no balancing of factors analysis. The inquiry would end right there. And, in fact, all of these factors can be considered by the district court And which ones did he balance and which did he give weight to? Well, we set forth in our brief the seven factors set forth in Asbury. And, again, Your Honor is correct. The district court did not set forth each of the seven factors and make a separate finding. That's the problem with the case. I mean, I can understand your argument that there was no formal consolidation. We have crimes that are distinct in time and venue. But the district court didn't actually say that. The district court said, I reject the idea that just because someone gives concurrent sentences that that's definitive. And that's fine as far as it goes. So to reach your conclusion, don't we have to imply some things in what the district court found? Perhaps. I mean, perhaps that is what the reviewing court is confronted with. Again, this court can look at the entire record that was presented to the district court. And, again, I think what the court indicated that it was weighing most greatly in this balancing analysis was that the crimes occurred in different states. And that there was no evidence that they put forth that they were in any way factually related, logically related, or resolved in that manner for any other reason other than judicial economy. And I think that is what the court had articulated, that it wasn't meaningful, the argument being made now by the appellant that, well, these were resolved in a single proceeding on the same day for concurrent terms, that that was not dispositive of the issue. One thing that puzzled me about his statement that they do this all the time is he doesn't say when they do them all the time, are they consolidated in some cases, not in others, most of them consolidated, most of them not consolidated. I can't tell anything from this transcript about that. I think every time that the court is confronted with this sort of issue, it's going to have to undertake a fact-specific analysis and look at the record before it and see was there, in fact, a culmination. And all of that is implied. Yes, sir, it is. Well, let's assume that the district court had come out the other way. Given the Supreme Court's pronouncement on deference, would you lose this appeal? I believe that we probably would because I think that if the court is presented with all of these factors, which it was, and both sides argued all of the factors below, although the appellant placed the greatest emphasis on the fact that they're concurrent terms that were imposed at the same time, if this court is to accord you deference to the trial court's decision, then I don't think it can never be reversed if there's absolutely no basis for that finding. Clearly, it could be. But I think if the court had come out the other way. Yes, for example, the court had said, well, I understand that these are distinct locations and times and there was no form of consolidation, but the concurrent sentence, the fact that the sentences were imposed concurrently is what matters most to me. You'd say that's probably within the court's discretion. I think it is. And I think that there is precedent for it coming out that way. The precedent that was cited by the appellant and, of course, noted in our reply brief or response, the Chapnick decision, Baciero. Of course, there's cases going the other way, such as Davis. All of these predate the most recent Supreme Court decision, and, of course, Asbury's come out since that time and gone the other way. So it can go either way, and it has gone either way. But I'm asking the court to give due deference to the trial court's finding. I think there was a substantial basis for that finding. It was presented to the court, and that was his judgment. Thank you. Thank you. Your Honor, unless the court has questions of me, I have no rebuttal. Thank you, counsel. Case to target is submitted.
judges: Reinhardt, Rymer, Thomas